UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
1:12-cv-375

| ALBERT CHARLES BURGESS, | ) |   |
|---|---|---|
|   | ) |   |
| Petitioner, | ) |   |
|   | ) | **ORDER** |
| vs. | ) |   |
|   | ) |   |
| UNITED STATES OF AMERICA, | ) |   |
|   | ) |   |
| Respondent. | ) |   |

**THIS MATTER** is before the Court on Petitioner's "Motion for Recusal under 28 U.S.C. § 455" (Doc. No. 66). Petitioner moves that the undersigned be recused from this case pursuant to § 455(a) and (b)(1) for "personal bias about [] key evidence" in this case. (Doc. No. 66 at 2). For the reasons that follow, Petitioner's Motion is **DENIED**.

## I. BACKGROUND

On March 17, 2009, a federal grand jury returned an indictment for Petitioner Albert Charles Burgess, charging him with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). Petitioner filed numerous pre-trial motions, including a motion to dismiss pursuant to the Speedy Trial Act and a motion to suppress statements he made to law enforcement following the execution of a search warrant at his home, both of which were denied by the trial court.[1] Petitioner twice sought new counsel and was represented by three attorneys between his indictment and his trial. *See* Docket, *United States v. Burgess*, 1:09-cr-17-GCM-DLH-1. Attorney Sean Devereux represented Petitioner during trial. Petitioner represented himself during a May 2010 hearing on several motions Petitioner filed, with Attorney Devereux serving as standby counsel. Petitioner also

---

[1] The undersigned was formally assigned this case on November 9, 2009.

1

represented himself at sentencing, with Devereux once again serving as standby counsel. Attorneys Lisa Costner and James Weidner represented Petitioner on direct appeal.

On November 18, 2009, after a two-day trial before a jury, Petitioner was found guilty of both offenses. Petitioner thereafter filed numerous post-trial motions which were largely denied based on memoranda and recommendations from Magistrate Judge Howell. *See id.* Petitioner was sentenced on August 10, 2010 and received 240 months of incarceration on Court One and 292 months on Count Two, to be served concurrently with the sentence under Count One. Petitioner was also sentenced to lifetime supervised release upon his release from federal custody.

Petitioner challenged his conviction and sentence on appeal, presenting seven separate issues for consideration. In a published opinion, the Fourth Circuit rejected each of Petitioner's arguments, except for the amount of restitution ordered by the Court. *See United States v. Burgess*, 684 F.3d 445 (4th Cir. 2012). Petitioner's conviction and sentence were affirmed, except that the order of restitution was vacated and remanded for "an individualized determination of proximate causation and, if such causation is found, for a restitution award consistent with the principles expressed in this opinion." *See id.* at 460. Petitioner filed a petition for a writ of certiorari with the Supreme Court, which was denied on October 15, 2012. *See Burgess v. United States*, 133 S. Ct. 490 (2012).

Petitioner filed the petition in this matter under 28 U.S.C. § 2255 on November 15, 2012 (Doc. No. 1). The Court ordered the Government to answer the petition (Doc. No. 3), which answer was filed on August 14, 2013 (Doc. No. 53). During and since that time, Petitioner has crowded the docket with numerous and repetitive filings, one of which is the instant Motion (Doc. No. 66).

## II. LEGAL STANDARD

Title 28 U.S.C. § 455 requires a federal judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." Thus, a judicial officer may not create even an appearance of impropriety; if he does, he must recuse himself. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860-61 (1988). This inquiry is objective. *See In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987); *see also Bivens Gardens Office Bldg., Inc. v. Barnett Banks of Fl., Inc.*, 140 F.3d 898, 912 (11th Cir. 1998). The purpose underlying this statute is to promote the public's confidence in the judiciary and in the judicial process itself. *See Liljeberg*, 486 U.S. at 861-66.

Notably, under § 455, the alleged bias and prejudice must stem from an *extrajudicial* source, resulting in an opinion based on something "other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

## III. DISCUSSION

Petitioner moves that the undersigned be recused because he "has formed an opinion about the evidence and issue that Petitioner is trying to litigate," as well as for an alleged ex parte communication with Petitioner's trial and standby counsel during his underlying criminal proceedings. (*See* Doc. No. 66 at 2). While the Court is unable to ascertain what conversation Petitioner refers to, the Court is certain that Petitioner's allegations do not merit recusal. In examining ex parte communications, the Court focuses "first, on the parties' opportunity to

participate in the court's decision and, second, on whether the ex parte proceedings were unfairly prejudicial." *See RZS Holdings AVV v. PDVSA Petroleo, S.A.*, 506 F.3d 350, 357 (4th Cir. 2007). Petitioner fails to point to any decision of the Court that resulted from this alleged ex parte communication, instead complaining generally that the undersigned "has personal knowledge about disputed evidentiary facts" in this case, and that "this knowledge has prevented him from allowing the Petitioner to properly present his § 2255." (Doc. No. 66 at 3). Even assuming as true Petitioner's allegations that the undersigned improperly communicated with Petitioner's standby counsel, he fails to show how he would have been prejudiced by such communication, either at the time or in the present matter. Petitioner offers no evidence or reasoning to support his cursory conclusion that consideration of his § 2255 petition is being prejudiced, and the Court cannot independently derive any support for this proposition from Petitioner's filings.

Otherwise, Petitioner appears to complain that the undersigned has formed an opinion about this matter, having presided in his underlying criminal case. The law is clear that, under § 455, the alleged bias must stem from something "other than what the judge learned from his participation in the case." *Grinnell*, 384 U.S. at 583. Opinions formed as a result of participating in the matter at hand "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Petitioner fails to demonstrate that any deep-seated favoritism or antagonism exists on the part of the undersigned, and the Court is confident that no factors exist which would impede a fair judgment in Petitioner's case.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Recusal (Doc. No. 66) is **DENIED**. The Clerk of Court is directed to send a copy of this Order to Petitioner.
**SO ORDERED.**

Signed: January 20, 2015

*Graham C. Mullen*
Graham C. Mullen
United States District Judge