IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-00375-GCM
(1:09-cr-00017-GCM-DLH-1)

| | | |
|---|---|---|
| ALBERT CHARLES BURGESS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on consideration of Respondent's motion to dismiss Petitioner's pro se motion to vacate, set aside or correct sentence, as amended, which he filed pursuant 28 U.S.C. § 2255, and numerous motions filed by Petitioner which will be addressed herein. For the reasons discussed below, the Court finds that Respondent's motion to dismiss should be granted and Petitioner's § 2255 motion, as amended, will be denied and dismissed.

## I.     BACKGROUND

Petitioner was convicted by a jury following a two-day trial on two counts relating to the receipt and possession of materials which portrayed minors engaged in sexually explicit conduct, all in violation of 18 U.S.C. §§ 2252(a)(4)(B) (Count One), and 18 U.S.C § 2252(a)(2) (Count Two). Petitioner was sentenced to a term of 240-months on Count One and a concurrent term of 292 months imprisonment on Count Two. Petitioner was also ordered to pay $305,219.86 in restitution under the Mandatory Restitution for Sexual Exploitation of Children, as codified in 18 U.S.C. § 2259. (1:09-cr-00017-GCM, Doc. No. 185: Judgment in a Criminal Case). Petitioner appealed to the United States Court of Appeals for the Fourth Circuit.

1

On appeal, Petitioner raised several challenges to both his convictions and sentences both through counsel and through pro se supplemental briefs. Petitioner's convictions and all aspects of his sentence were upheld on appeal, save for the restitution order which was vacated and remanded for a recalculation of the loss amount proximately caused by Petitioner to Vicky, a minor child that was depicted in some of the sexually explicit materials. See United States v. Burgess, 684 F.3d 445 (4th Cir.), cert. denied, 133 S. Ct. 490 (2012).[1]

This collateral proceeding follows and Petitioner's claims will be addressed herein.

## II.    STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

In his claims for relief, Petitioner raises claims of ineffective assistance of trial and appellate counsel and claims of prosecutorial misconduct.

A.    Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution provides that all defendants charged with a crime have the right to effective assistance of counsel. In order to prevail on a

---

[1] Petitioner also appealed this Court's ruling which denied pro se motions to correct or amend his sentence, to preserve evidence, for a new trial, to terminate his restitution and his standby's counsel's motion for additional fees. The Fourth Circuit rejected Petitioner's arguments presented on appeal in a per curiam opinion. See United States v. Burgess, 478 F. App'x 10 (4th. Cir.) (unpublished), cert. denied, 133 S. Ct. 963 (2013).

claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial to the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on a claim of ineffective assistance of counsel bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id. A "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

1.	Ground One

In his first claim for relief, Petitioner contends his trial counsel was ineffective because he "was a complete novice to computers" and Petitioner raises a host of additional claims that his trial counsel was ineffective, however Petitioner has presented, at best, an invitation for this Court to find and attach substance to his blank assertions that he was wrongly convicted based on his attorney's actions or omissions.  (1:12-cv-375, Doc. No.1-1: Petitioner's Mem. at 1). It is not sufficient on collateral review to simply include a list of complaints that are unadorned by citations to the trial record in an effort to obtain relief on claims of ineffective assistance of counsel. Moreover, the evidence of Petitioner's guilt was overwhelming despite his assertions to contrary: evidence of his admissions to state and federal authorities that he viewed child pornography in his home multiple times on a weekly basis – with such evidence obtained after he validly waived his <u>Miranda</u> rights and agreed to speak with both federal and state law enforcement. And after he agreed to waive these rights and talk with law enforcement, Petitioner provided further elaboration that he viewed the child pornography at least five hours a day while masturbating in an effort to stave off his desire to harm actual children. <u>See</u> <u>Burgess</u>, 684 F.3d at 454 (noting that Petitioner admitted that he had molested "between 40 and 50 minor male children."). In sum, Petitioner's claims here are wholly conclusory and fail to support any finding that had his counsel prepared and tried his case differently that there could be any other outcome to his trial. For these reasons, this ground for relief will be denied.

2.	Ground Two

Next, Petitioner argues that his counsel was ineffective in failing to challenge a search

warrant which was issued for his home and which predated his federal prosecution. This argument too is without merit. The evidence presented by the Government demonstrated that the search warrant was indeed valid and Petitioner's confessions subsequent to the search ably supports the information contained in the warrant, namely, that he was identified during an investigation by Immigration and Customs Enforcement (ICE) as a purveyor of child pornography. In short, what Petitioner endeavors to accomplish here is to belatedly challenge the sufficiency of the evidence, however that is not proper in a collateral proceeding and this claim will be denied.

        3.      Ground Three

Petitioner argues that his trial counsel, Mr. Slawinski, was "inept" because he "falsely filed a Motion to Dismiss based on the denial of a speedy trial." (1:12-cv-375, Doc. No. 1-1 at 2). This argument is a thinly disguised effort to challenge the Fourth Circuit's rejection of his assertions that his Speedy Trial rights were violated. In essence, Petitioner complains that his counsel bungled a challenge to his federal prosecution by failing to properly prepare to raise the Speedy Trial challenge before the trial court. This challenge rests on Petitioner's notion that the time between his state arrest – following execution of the search warrant, and his damning confessions – and his subsequent federal prosecution entitles him to collateral relief. However, this effort is foreclosed by the Fourth Circuit's rejection of his Speedy Trial challenge on both statutory and constitutional grounds after the Court found that his challenges were without merit. See Burgess, 684 F.3d at 450; see also Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (In a § 2255 proceeding, a petitioner "will not be allowed to recast, under the guise of a collateral attack, questions fully considered" on direct appeal) (internal citation omitted);

United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (The law of the case doctrine "forecloses

relitigation of issues expressly or impliedly decided by the appellate court.") (internal citation

omitted).

        4.      Ground Four

Here, Petitioner raises a paranoid contention that PayPal "at all times was working as an

agent of the federal government . . . and illegally compiled information about Petitioner's

account and then used that information to inform the feds that he had made an illegal purchase. "

(1:12-cv-375, Doc. No. 1-1 at 2-3). Petitioner's argument again misses the mark as it merely

challenges the sufficiency of the evidence that was obtained by both the state and federal

investigations into his extensive pastime of viewing sexually explicit child pornography in his

home and fails to state any plausible claim that PayPal was an agent of the federal government.

For these reasons, this claim will be denied.

        5.      Ground Five

Petitioner continues his challenge to the sufficiency of the evidence this time contending

that he could not have used his computer on or about March 4, 2008, because it had crashed.

This however fails to appreciate, or even acknowledge for that matter, that Petitioner provided

extensive details regarding where he obtained the pornography and what the images depicted. In

addition, the evidence demonstrated that multiple compact discs and videos were recovered by

during the investigation. In sum, this argument is without merit as Petitioner's explicit and frank

confessions, and the material *actually* recovered belie his present claim that his counsel was

ineffective for failing to raise this claim.

6.      Ground Six

Petitioner renews his challenge to the issuance of the search warrant this time arguing that his counsel was ineffective in failing to challenge the warrant because no search warrant was ever served on him and the warrant was not based on probable cause. This argument is baseless as the validity of the warrant is no longer an issue and any effort to raise this argument again under the guise of ineffective assistance of counsel must fail.

7.      Grounds Seven and Eight

Petitioner plows old ground again by reviving his contention that he should not have been prosecuted because his computer crashed and therefore he could not have downloaded images on or about March 5, 2008. This argument will be denied for the reasons previously stated, namely that the evidence of Petitioner's guilt was never in dispute except in his own mind.

8.      Ground Nine

Petitioner next argues that his trial counsel was ineffective in failing to object to the jury witnessing him leg irons or to the clothes he was wearing which he contends were inappropriate during clothes in winter and were in bad shape. As the Government observes in its response, Petitioner has offered nothing short of a faint speculation that the jurors "may" have seen him in leg irons during his trial and the claim that he was entitled to any particular type of habiliment is baseless. (1:12-cv-375, Doc. No. 53 at 19). This speculation is insufficient to meet Petitioner's claim that any such failure to object may have changed the outcome of his trial. Additionally, Petitioner raised a claim in his pro supplemental brief on appeal that he was denied a fair trial because the jury saw him in leg irons, but this argument, like all of Petitioner's pro se claims on appeal, was rejected by the Fourth Circuit. See Burgess, 684 F.3d at 455 n.5 ("In addition,

Burgess filed a pro se brief, as well as a number of 'addenda," raising several other issues. We have reviewed his contentions and have determined that they are without merit."); <u>United States v. Burgess</u>, No. 09-4584, Doc. Nos. 84, 99, 107, 108, and 111: Pro se Supplemental Briefs).

9.      Ground Ten

By this claim, Petitioner argues that he was denied effective assistance of counsel because his attorney did not inform the Court prior to trial "that the Clerk of Court had denied him the right to subpoena records, people or other objects." (1:12-cv-375, Doc. No. 1-1 at 5). This is yet another meritless claim, first because Petitioner was represented by counsel during his trial, and the counsel's decision regarding strategies on the presentation of evidence and how to manage the trial of a case, including what discovery to pursue, is entitled to high deference on collateral review. In other words, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance. . ." <u>Strickland</u>, 466 U.S. at 689. Petitioner's conclusory allegation will be dismissed.

10.     Ground Eleven

Next, Petitioner contends that his trial counsel was ineffective in failing to secure "high paid expert witnesses" and if he had secured such witnesses "the rogue actions of ICE Agent Wilhelm would have been rooted out and exposed and the charges against [Petitioner] dismissed." (1:12-cv-375, Doc. No. 1-1 at 5). This challenge to the sufficiency of the evidence, although cloaked as a claim against counsel, will be dismissed as conclusory and meritless.

11.     Grounds Twelve and Fourteen

Petitioner argues that his trial counsel was ineffective by failing to file motions pursuant to <u>Brady</u> and <u>Giglio</u>. Petitioner contends that his right to a fair trial was effected because the

failure to file such motions prevented a proper challenge to the search warrant, indictment, and to obtain an order compelling discovery. Petitioner also reasons that the failure to file these motions prevented his attorney from effectively cross-examining ICE Agent Wilhelm.

The Fourth Circuit rejected Petitioner's challenge to this Court's denial of his post-trial motions regarding his contention that the Government failed to disclose this material or that the presentation of additional evidence could have entitled him to a new trial after concluding that his contentions were meritless. And the Circuit Court specifically rejected a Brady challenge after finding that "the allegedly undisclosed evidence on which [Petitioner] relies is not material and was not withheld in violation of Brady." Burgess, 478 F. App'x at 11.

      12.      Ground Thirteen

Petitioner contends that his counsel was ineffective for failing to object to the "fatal variance in the indictment." (1:12-cv-375, Doc. No. 1-1 at 6). "[T]he sufficiency of an indictment should be determined by practical, as distinguished from purely technical, considerations. Does it, under all of the circumstances of the case, tell the defendant all that he needs to show for his defense, and does it so specify that with which he is charged that he will be in no danger of being a second time put in jeopardy? If so, it should be held good." United States v. Matzkin, 14 F.3d 1014, 1019 (4th Cir. 1994) (quoting United States v. Missler, 414 F.2d 1293, 1297 (4th Cir. 1969), cert. denied, 397 U.S. 913 (1970)).

As discussed herein, Petitioner's ability to obtain relief on a claim of ineffective assistance of counsel is two-fold, that is, he must establish both that his counsel was ineffective in not challenging the sufficiency of the indictment, and that he was prejudiced by the failure to challenge this alleged deficiency. Petitioner fails in both respects. Accordingly, he has failed to

demonstrate any right to relief under <u>Strickland</u>.

13.    Ground Fifteen

Continuing with his hollow claims of ineffective assistance of counsel, Petitioner argues that his counsel should have argued to the jury that MasterCard and PayPal should have been charged because it "would have been a terrific argument to make before any jury" and demonstrated the sham nature of his prosecution. (1:12-cv-375, Doc. No. 1-1 at 6). Again turning to the overwhelming evidence of Petitioner's guilt, the Court finds this argument is wholly with merit and it will be dismissed.

14.    Ground Sixteen

Petitioner challenges his trial counsel's failure to object "to the severe restrictions placed on him by the Criminal Justice Act" which prevented him from hiring competent witnesses or spending the amount of time on his defense that "it deserved." (<u>Id.</u> at 7). This argument is again a cursory, and unadorned challenge to his defense and it will be denied.

15.    Ground Seventeen

In this claim, Petitioner challenges his counsel's failure to file a motion to challenge his prosecution on grounds of double jeopardy or an ex post fact violation. (<u>Id.</u>). The substance of this claim was raised in Petitioner's pro se motion for a new trial and rejected as being without merit and this conclusion was affirmed by the Fourth Circuit therefore it will be denied. Put another way, his counsel was not ineffective in declining to argue a meritless motion.

16.    Ground Eighteen

Through this claim, Petitioner asserts that his counsel was ineffective in failing to object to Petitioner "not formally waiving his right to testify at trial" or ensuring that Petitioner had a

laptop in court so he could communicate with counsel because he had poor hearing ability. (Id.).

Petitioner does not contend that he would have elected to testify nor does he cite to any

controlling authority that there is any such duty of counsel to ensure that a defendant formally

waives his right to testify in open court. Furthermore, Petitioner testified during the trial outside

the presence of the jury during his suppression hearing, thus it is clear that he was aware that he

could testify before the jury in his own defense. Finally, Petitioner, although claiming that he is

hard of hearing, does not argue that he was unable to participate and observe the trial

proceedings. For the reasons stated, these claims will be denied.

       17.    Ground Nineteen

Next, Petitioner claims that his counsel was ineffective in failing to "immediately" object

when the Government informed the Court that it would not have offered him a plea deal based

on his prior record. This argument is vague and will be denied as it does not alert this Court to

either prejudice or deficient performance of counsel. To the extent Petitioner renews his motion

to suppress statements he made to law enforcement, this will be denied for the same reasons

stated in open court.

B.    Prosecutorial Misconduct

In order to state a claim for prosecutorial misconduct, a petitioner must show that the

prosecutor's conduct was improper, and that the conduct caused substantial prejudice and

deprived him of right to a fair trial. See United States v. Golding, 168 F.3d 700, 702 (4th Cir.

1999).

       1.    Ground One

Petitioner first argues that the Government committed misconduct in withholding

information that he did not have a PayPal account in 2007, during the time frame when he is alleged to have purchased materials from an illegal website. Petitioner filed a motion for a new trial and therein presented the substance of this argument by seeking <u>Brady</u> materials related to his request for all information related to his PayPal account, including the Government's correspondence with PayPal. This motion was denied after the Court found that the Government had in fact delivered all information related to the PayPal account and the Court's order was upheld on appeal. Petitioner's argument is conclusory and fails to demonstrate that any alleged Government acts, or omissions, have deprived him of a right to a fair trial and this claim will be dismissed.

      2.      Ground Two

Petitioner renews his focus on the service of the search warrant by ICE Agent Wilhelm contending that the agent lied about serving Petitioner with the warrant. Petitioner contends that had this allegation been disclosed before trial that the warrant would have been suppressed and the charges dismissed because the agents credibility could have been challenged. The evidence of Petitioner's guilt is beyond question thus an inquiry into if and when Petitioner was served with a search warrant is largely immaterial (1) because whether or not the search warrant was served does not impact the fact that a trove of child pornography was uncovered during a search of Petitioner's home and (2) Petitioner gave a free and voluntary confession after waiving his <u>Miranda</u> rights. For the reasons stated, Petitioner's claim will be denied.

      3.      Grounds Three and Four

Petitioner next argues that the Government improperly withheld evidence relating to his computer being virtually restored and he contends that the dates when pornographic images were

downloaded were falsified. Petitioner also argues that the Government intentionally lied to the jury in maintaining that Petitioner's computer had not crashed. (1:12-cv-375, Doc. No. 1-1 at 8). This is another foray into the subject of whether there was sufficient evidence to support Petitioner's convictions which were affirmed in their entirety on appeal. The evidence of Petitioner's guilt has been established and these conclusory allegations can afford no relief.

4.     Grounds Five and Six

In these collective arguments, Petitioner contends that the Government has violated his right to a fair trial by engineering his incarceration for ten months, and erred in withholding service of the search warrant for fifteen months. The first claim is a renewal of his Speedy Trial claims that have been previously been rejected by the Fourth Circuit which found that no such rights were violated, because no federal charges were filed during his incarceration on a state charge following the issuance of the search warrant. See Burgess, 684 F.3d at 451-52. The second claim is likewise subject to dismissal because Petitioner does not assert a colorable claim as to how the alleged delay of the search warrant caused him prejudice.

5.     Grounds Seven and Nine

Petitioner next argues that the Government had a duty to inform the trial court that he had appeared in chains in front of the jury. During a hearing on Petitioner's motion for a new trial, the Government expressly denied that they had any such knowledge that he had appeared in front of the jury in leg irons and Petitioner offers no such evidence to support such an attribution of knowledge here therefore this claim will be denied. See (1:09-cr-00017, Doc. No. 205: Tr. of Motion Hearing at 62-64). Petitioner also argues that his rights under the Americans with Disabilities Act (ADA) were violated by the Government because he could not hear during his

trial. This argument is without merit for, as previously noted, Petitioner does not contend that he could not observe and participate in his trial which he clearly did by, at the very least, testifying in support of his motion to suppress statements, and he cannot fairly attribute such knowledge of the impact of his impaired hearing to the Government.

6.      Grounds Eight and Eleven

In these claims, Petitioner contends that the Government erred in relying on 15-year-old convictions to argue for enhancement of his sentence under the sentencing guidelines and presented certain incompetent evidence in favor a harsher sentence. Petitioner's challenge to the sentencing enhancement was expressly rejected on appeal after the Circuit Court noted that this Court did not rely on expunged convictions when considering the potential enhancements and that "[i]n addition to his multiple convictions for committing or attempting to commit lewd acts upon a child under 14 years of age, Burgess admitted to molesting between 40 to 50 minor children." Burgess, 684 F.3d at 454-55. These claims will be denied.

7.      Ground Ten

Here, Petitioner contends that the Government erred in selectively prosecuting him for possession and receipt of pornography when PayPal and MasterCard were not also prosecuted because "[t]hese companies profit very nicely from child pornography." (1:12-cv-375, Doc. No. 1-1 at 10). This argument is plainly absurd and will be denied.

8.      Grounds Twelve, Thirteen and Fifteen

In his final claims of prosecutorial misconduct, Petitioner generically contends that the Government failed to turn over certain information that would have aided his Speedy Trial claims; made misstatements of facts and law before the jury; and that the Government withheld

charging him in an effort to secure his convictions. These arguments are without merit, conclusory, and will be denied.

C.      Ineffective Assistance of Appellate Counsel

The test for ineffective assistance of appellate counsel is the same as it is for trial counsel. Specifically, "[i]n order to establish a claim that appellate counsel was ineffective for failing to pursue a claim of direct appeal, the applicant must normally demonstrate (1) that his counsel's representation fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) that there is a reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc) (internal quotations and citations omitted). In addition, appellate counsel is entitled to a "presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993); see also Smith v. Robbins, 528 U.S. 259, 288 (2000) (appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.") (citing Jones v. Barnes, 463 U.S. 745 (1983)).

1.      Ground One

Petitioner first claims that his appellate counsel, Mr. Weidner, disclosed during oral argument on appeal that he had never read the trial transcript. A review of the audio recording of the oral argument demonstrates that this claim has no basis in fact and it will be denied.

2.      Ground Two

Petitioner next argues that Mr. Weidner failed to present arguments that his sentence violated the Supreme Court's opinions in Apprendi, Booker, and Blakely. (1:12-cv-375, Doc.

No. 1 at 11).[2] Petitioner's reliance on these cases is misplaced as his sentence was properly enhanced based the Court's findings under the Guidelines and his sentence was well within the statutory maximum term which is not more than 40 years on Count Two pursuant to 18 U.S.C. §§ 2252(a)(2) and (b)(1). For these reasons, this claim will be denied.

3. Ground Three

Petitioner claims that other appellate counsel, Ms. Costner, failed to accept prepaid calls from Petitioner or to communicate with him by email or through the U.S. Mail. Petitioner also argues that his counsel failed to challenge the Court's decision to enhance his sentence under the Guidelines. The issue relating to his enhancements was raised by appellate counsel through an argument that he should not have received a four-level enhancement under USSG § 2G2.2(b)(4), and a five-level enhancement pursuant to USSG § 2G2.2(b)(5). Thus, his counsel clearly pursued challenges to his enhancements. The Court finds that the remaining enhancements that were applied in fashioning his sentence were appropriate, and therefore appellate counsel's failure to present challenges to these enhancements was not ineffective.

Petitioner also maintains that his counsel failed to properly challenge his sentencing enhancements based on the remote nature of his prior convictions and failed to challenge the use of the expunged convictions. This claim will be denied for the reasons previously stated, namely that his sentence was affirmed on appeal after the Circuit Court rejected these same claims. Petitioner's remaining claims in this ground for relief simply rehash arguments previously denied herein: failure to challenge the issuance and execution of the search warrant; fatal variance in the indictment on grounds of double jeopardy; challenges to the testimony of ICE Agent Wilhelm;

---

[2] Apprendi v. New Jersey, 530 U.S. 466 (2000); United States v. Booker, 543 U.S. 220 (2005); Blakely v. Washington, 542 U.S. 296 (2004).

error in allowing him to allegedly appear before the jury in leg irons; and challenges to his prior criminal history to support his sentencing enhancements.[3] For the reasons previously stated, the Court finds that his counsel's failure to present the arguments is not supportive of a claim of ineffective assistance of counsel and they will be dismissed. Finally, as noted, Petitioner presented many of these same claims in his pro se supplemental briefs and they were rejected as being without merit.

D.    Pending Motions

    1.    Motion to Issue Subpoenas and Conduct Discovery

As the Court has concluded that Petitioner's arguments are without merit, the Court finds that these motions should be denied. (1:12-cv-375, Doc. Nos. 2, 5).

    2.    Motions to Amend

        a.    Petitioner's first motion to amend asks to include general allegations that his right to a fair trial was violated because his trial and appellate counsel were not familiar with the law. Although this proposed amendment is meritless, the Court will nevertheless allow it as it relates back to his originally filed § 2255 motion. (Id., Doc. No. 7).

        b.    Petitioner's second motion to amend seeks to include a challenge to his trial and appellate counsel in not objecting to certain videos that were viewed by the jury. This motion will likewise be allowed but the claim will be denied because it is meritless as this Court perceives no error in presenting this evidence to the jury because it is directly related to the charges filed against him. (Doc. No. 11). Moreover, Petitioner concedes that his counsel did object during trial but he contends that he did not do so specifically under Rule 403 of the

---

[3] One argument not previously presented is that the trial court failed to "properly handle the attorney-client privilege violation wherein all parties to that strange event should have been excised from the proceedings." (1:12-cv-375, Doc. No. 1-1 at 12). This argument is purely conclusory and lacks any factual basis for relief and it will be denied.

Federal Rules of Evidence. Petitioner also argues in the motion that his counsel was ineffective because his counsel lacked "incentive to spend the time needed to represent" him. These claims are conclusory and will be denied. (Doc. No. 11).

   c. Petitioner next seeks to amend his § 2255 motion to include the redundant claim that his counsel was ineffective with regard (1) to his knowledge of computers, (2) the effort to challenge the search warrant; (3) his challenge on Speedy Trial grounds; (4) his challenge to the PayPal account; (4) challenges to his prior convictions which supported sentencing enhancements under the Guidelines; (5) challenges to the Clerk's alleged failure to provide subpoenas for records; (6) failure to challenge his alleged appearance in leg irons before the jury; (7) failure to challenge the "fatal variance" of the indictment; (8) failure to challenge the evidence presented by the Government; (9) failure to address the Court regarding his hearing and request for the use of a laptop; (10) failure to challenge the testimony of ICE Agent Wilhelm; (11) and a challenge to his counsel's handling of the search of his home and handling of his computer after it was seized following execution of the search warrant; and (12) a challenge that his counsel should have ensured that he agreed to waive his right to testify. (Doc. Nos. 13 and 14). For the reasons previously stated, these claims will be denied.

   d. Petitioner also seeks to amend to include an allegation that he was forced to represent himself following his conviction without a knowing waiver and that appellate counsel was ineffective in not presenting such a claim on appeal. The motion to amend will be allowed and the claims denied because this issue was addressed by the magistrate court and Petitioner was allowed to present pro se claims and to argue in support of his motions and he was provided standby counsel who filed a motion for a new trial. Moreover, the Court found that his

decision to proceed as counsel was knowing and voluntary and no written waiver needed to be filed in his case. See (1:09-cr-00017, Doc. Entry, filed April 14, 2010). Finally, the claims Petitioner presented through his numerous motions were simply meritless.

    e.  Petitioner renews his continual effort to challenge his counsel's failure to challenge the issuance and execution of the search warrant. As this has been previously addressed by the Court, the claim will be denied. (Doc. No. 16).

    f.  In another motion to amend, Petitioner seeks to add a claim that the Court engaged in improper ex parte communication with Petitioner's counsel and that his trial counsel, Mr. Devereux, has a relationship with the Government's attorney that is "unholy, illegal and unethical." (Doc. No. 19). This motion to amend will be allowed but the claims denied because they are utterly baseless.

    g.  Petitioner also seeks to amend his § 2255 petition to include another challenge (1) to the evidence presented, (2) the arrest of Petitioner on the state charge of exploitation of a minor, (3) the search of Petitioner's home, (4) renewed claims regarding the Speedy Trial issues, which are all presented under the guise of ineffective assistance of trial and appellate counsel. The motion to amend will be allowed, but again, the claims will be denied for the reasons previously stated. Petitioner moves to also add a claim that his constitutional right to represent himself was denied because he was not allowed access to a law library when he mounted his effort for a new trial and correction of his sentence. This argument is without merit as well because although his arguments were baseless, he was still allowed to present them and he presented case law in support of relief. (Doc. No. 34).

    h.  In this motion to amend, Petitioner again presents his claim that his

sentence was illegal based on the trial court's consideration of improper convictions. This claim will be denied for reasons stated previously. (Doc. No. 44).

        i.     Petitioner renews his contention that he did not validly waive counsel to present his claims for a new trial and sentencing reduction. (Doc. Nos. 45, 65). For the reasons previously stated, this claim will be denied.

        j.     Petitioner next argues in a motion to amend that he should be resentenced without a mandatory minimum. This argument is without merit as Petitioner was found guilty of both counts in his indictment and sentenced within the statutory range and pursuant the Court's calculation of the applicable Guidelines. (Doc. No. 46).[4]

        k.     Petitioner continues his effort in these motions to amend to challenge his convictions or sentencing enhancements under the Guidelines and he renews claim that his Fourth Amendment rights were violated in the search of his home or during the investigation. These claims will be denied for the reasons stated herein. (Doc. Nos. 59, 62).

        l.     In what is his final motion to amend, Petitioner seeks for the Court to amend his § 2255 motion to include the documents filed in Case Nos. 1:14-cv-340-MR; 1:12-cv-72-RJC; 1:11-cv-147; and Case No. 2:11-cv-02074-CMC. The first three cases were filed in this district under the All Writs Act, 28 U.S.C. 1651, and dismissed because Petitioner's present § 2255 motion was still pending and the claims he raised in those actions attacked the legality of his criminal judgment. Petitioner did not appeal. In the fourth case, the federal district court in Charleston, South Carolina, construed Petitioner's challenge to a prior South Carolina conviction as a § 2241 petition and dismissed it on the basis that it sought relief from his criminal judgment,

---

[4] Petitioner also renews his effort to obtain a new trial based on his contentions that one or more jurors may have seen him in leg irons, however this is still speculation and he has failed to demonstrate prejudice in light of the overwhelming evidence presented at trial which pointed to no other result than a guilty verdict.

and noted his direct appeal was still pending so a § 2255 motion, as the proper vehicle of relief, was premature. Petitioner did not appeal. To the extent that Petitioner seeks to amend his petition for the Court to take judicial notice of the filings in these actions, the motion to amend is allowed. (Doc. No. 73).

3.      Remaining Motions

a.      Motion to the Court

Here, Petitioner seeks an order requiring the Government to disclose all information related to his PayPal account. As noted, the court held a hearing on the motion and concluded that the Government had complied with its discovery obligations regarding the account. This motion is denied for the same reasons previously stated. (Doc. No. 15).

b.      Motion to Compel

In this motion, Petitioner moves for an order requiring Mr. Devereux to provide him with all files in his possession which "belong" to Petitioner on the grounds that Mr. Devereux has been engaging in ex parte communication with the Government and this is an "unholy, illegal, and unethical relationship." (Doc. No. 24 at 1). Petitioner's allegations do not state a factual basis to support relief nor does Petitioner point to any particular record that he is seeking and the motion will be denied.

c.      Motion Objecting to Extensions of Time and For Sanctions and Motion to Strike

The first motion will be denied as moot as the Government has now responded to Petitioner's § 2255 motion as ordered. The second two motions will be denied because it represents yet another repeated attack on the sufficiency of the evidence presented at trial and

presents unfounded accusations that the Government committed misconduct. Finally, the Court finds that Petitioner's motion to strike is baseless and it will be denied. (Doc. Nos. 30, 41, 52, 57).

#### d. Motion for Bail and Expedited Proceedings

This motion will also be denied as baseless as Petitioner has not demonstrated that he is entitled to any relief. (Doc. No. 32).

#### e. Motion to Compel Discovery

Petitioner again moves for an order compelling his counsel to turn over documents related to his PayPal accounts. For the reasons previously stated, the court has already made a finding that the Government complied with its disclosure obligations and Petitioner's repeated efforts to attack the legality of his convictions on this basis will be denied. (Doc. No. 33). Moreover, Petitioner's counsel is not a party to this action.

#### f. Motion to Provide Copies of Pleadings

Petitioner's motion will be denied because he has not identified what specific pleadings he is seeking rather he wants copies of his entire § 2255 file. This motion will be denied because Petitioner fails to point to specific pleadings that he might need. Petitioner also seeks an order compelling the production of audio tapes of hearings before the Hon. Lacy H. Thornburg, and the undersigned because the transcripts were "badly altered by the Court Reporter." To the extent Petitioner is seeking audio tapes of proceedings in district court, this motion will be denied as the court reporter provides the official record of the proceedings and to the undersigned's knowledge, at the time these proceedings were held, no audiotapes were utilized. (Doc. Nos. 51, 55).

g. Motion for Extension of Time

Petitioner seeks an extension of 45-days to file a response to the Government's response and answer. In as much as Petitioner has filed a reply, or several for that matter, this motion will be denied as moot. (Doc. No. 56).

h. Motion for Sanctions and Dismissal of All Charges

This motion will be denied as baseless. (Doc. No. 61).

i. Motion for Summary Judgment

This motion will be denied as Petitioner's claims do not entitle him to relief. (Doc. No. 63).

j. Motion for Grand Jury Transcripts

Petitioner has stated that he should be entitled to copies of these transcripts so that he can understand what the Government informed the grand jury he was being indicted for. This motion will be denied as baseless and on the ground that the indictment, of which Petitioner is well aware, speaks for itself. (Doc. No. 68).

IV.    CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 motion, as amended, fails to state any claim upon which relief may be granted and the Government's motion to dismiss will therefore be granted.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's motions to amend are **GRANTED**. (Doc. Nos. 7, 11, 13, 14, 15, 16, 19, 34, 44, 45, 46, 59, 62, 65 and 73).

2. Petitioner's motion to issue subpoenas is **DENIED**. (Doc. No. 2).

3. Petitioner's motion to conduct discovery is **DENIED**. (Doc. No. 5).

4. Petitioner's motions for sanctions are **DENIED.** (Doc. Nos. 41, 52 and 61).

5. Petitioner's motion regarding his PayPal Account is **DENIED**. (Doc. No. 15).

6. Petitioner's motions to compel files from his trial counsel are **DENIED**. (Doc. Nos. 24 and 33).

7. Petitioner's motion regarding his objection to the extension of time for the Government to respond is **DENIED**. (Doc. No. 30).

8. Petitioner's motion for bail and expedited proceedings is **DENIED**. (Doc. No. 32).

9. Petitioner's motion for free access to court documents and copies is **DENIED**. (Doc. No. 51).

10. Petitioner's motion for access to audiotapes is **DENIED**. (Doc. No. 55).

11. Petitioner's motion for extension of time to respond to the Government's motion to dismiss is **DENIED as moot.** (Doc. No. 56).

12. Petitioner's motion to strike is **DENIED**. (Doc. No. 57).

13. Petitioner's motion for summary judgment is **DENIED**. (Doc. No. 63).

**IT IS FURTHER ORDERED** that the Government's motion to dismiss Petitioner's § 2255 motion, as amended, is **GRANTED**. (Doc. No. 54).

**IT IS FURTHER ORDERED** that Petitioner's § 2255 motion, as amended, is **DENIED** and **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-</u>

El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: February 26, 2015

Graham C. Mullen
United States District Judge